## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID BRUCE PATTERSON, | ) | |
| | ) | |
| *Plaintiff,* | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| SOUTHERN FRUITS & | ) | |
| VEGETABLES, INC. d/b/a ATHENA | ) | |
| FARMS | ) | JURY TRIAL DEMANDED |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Plaintiff David Bruce Paterson ("Plaintiff" or "Mr. Patterson") and sets forth his Complaint for damages and demand for jury trial against Southern Fruit & Vegetables, Inc. d/b/a Athena Farms ("Athena" or "Defendant").  Plaintiff respectfully shows this Court as follows:

## <u>INTRODUCTION</u>

1.      Plaintiff began employment with Defendant in 2020 in sales and rapidly became one of Defendant's highest performing salespersons. Toward the end of 2020 he was promoted to be Defendant's Sales Manager; however, he was continuously called an old man, and Defendant made fun of Plaintiff for his lack of

technology knowledge. In or around April 2022, Plaintiff finally complained about the ageist statements and jokes that he found offensive. Plaintiff's complaint of age discrimination appeared to have upset the Defendant and caused the Defendant to retaliate against Plaintiff by firing him and taking other retaliatory actions.

2.     This is an action seeking damages for discrimination and retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Plaintiff seeks declaratory and injunctive relief, back pay, front pay, liquidated damages, and attorney's fees and costs.

## JURISDICTION AND VENUE

3.     Plaintiff's claims present questions arising under federal law; thus, jurisdiction is appropriate before this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 (b) and (c) because the events complained of herein occurred within the geographic boundaries of the United States District Court for the Northern District of Georgia, and upon information and belief, all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia.

## ADMINISTRATIVE PROCEEDINGS

5.      Plaintiff filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").   Attached hereto and incorporated herein is Exhibit A.

6.      Plaintiff received a notice of right to sue from the EEOC and has complied with all other conditions precedent to the institution of this lawsuit.

7.      This lawsuit has been filed within 90 days of Plaintiff's receipt of his Notice of Right to Sue letter from the EEOC.

## PARTIES

8.      Plaintiff lives within the Northern District of Georgia.

9.      Defendant is a business engaged in the wholesale selling of fresh fruits and vegetables to restaurants and hotels, etc. in the metro Atlanta area.

10.     Defendant may be served with service of process upon its registered agent, if service of process is not waived.

## STATEMENT OF FACTS

1.      At all times relevant to this action, Plaintiff was over the age of forty (40).

2.      Plaintiff was employed by Defendant at all times material to this Complaint.

3.     During all time relevant to this lawsuit, Defendant employed twenty (20) or more employees for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto.

4.     Defendant is subject to the anti-discrimination provision of the ADEA.

5.     Plaintiff began to work for Defendant in 2020 as a salesperson.

6.     In short order, Plaintiff rose to become the top salesperson for Defendant.

7.     In recognition of Plaintiff's outstanding performance, in late 2020, Plaintiff was promoted from salesperson to sales manager.

8.     Throughout his employment, Plaintiff never received any written discipline or counseling for poor performance.

9.     In fact, Plaintiff was frequently praised for his sales ability and ability to grow sales for Defendant.

10.    However, despite Plaintiff's excellent work performance, he was continually referred to as an "old man", he was told that he had no "ball sack" anymore, and Defendant's employees joked about his "poor technology skills" even though Plaintiff was in fact proficient in technology.

11.    In or around April of 2022 Plaintiff made a complaint of age discrimination to Defendant.

12.    This complaint seemed to upset Defendant.

13.   Plaintiff saw no evidence of any investigation or any action to resolve his complaint.

14.   Shortly thereafter, on April 26, 2022, Plaintiff was terminated.

15.   During the termination meeting Plaintiff was told that he was a poor manager.

16.   Plaintiff disagreed that he was a poor manager, but asked why he would be fired and not just demoted back to sales.

17.   Defendant had no response regarding why he was not demoted instead of fired.

18.   Because of his complaint of age discrimination, Defendant refused to consider Plaintiff being moved back to sales even though he was an outstanding salesperson.

19.   Plaintiff's separation notice says he was fired for "lack of organization, unclear and inconsistent communication, [and] failure to consistently follow direction."

20.   Defendant's excuses for Plaintiff's termination are all untrue, and even if the Defendant falsely believed them to be true, Plaintiff should have been demoted to salesperson again, not terminated.

21.   Plaintiff was replaced with someone younger than himself.

22.   Further, Defendant advertised for salespeople shortly after Plaintiff was fired.

23.   Defendant's actions constitute age discrimination and retaliation in violation of the ADEA.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

24.   Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

25.   In engaging in the above-described actions, Defendant subjected Plaintiff to disparate and discriminatory treatment in whole or substantial part because of age in violation of the ADEA.

26.   Defendant Employer's violation of the ADEA was willful and intentional.

27.   Plaintiff has suffered loss of employment and future employment opportunities, loss of wages and benefits as the direct and proximate result of Defendant Employer's willful and intentional violation of his rights under the ADEA.   Plaintiff is entitled to the rights and remedies provided by the ADEA, including all lost pay and benefits, liquidated damages, and attorney's fees and costs.

## COUNT II
## <u>RETALIATION</u> <u>IN</u> <u>VIOLATION</u> <u>OF</u> <u>THE</u> <u>ADEA</u>

28.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

29.     Plaintiff engaged in protected activity by opposing Defendant's age-based discrimination and making complaints of Defendant's illegal age-based discrimination.

30.     As a result of his opposing illegal age-based discrimination, Defendant subjected Plaintiff to adverse employment actions up to and including terminating his employment.

31.     The true reason for Defendant's actions was to retaliate against Plaintiff because he opposed Defendant's illegal age-based discrimination.

32.     As a result of Defendant's illegal retaliatory actions, Plaintiff has suffered mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of Defendants' willful and intention violation of his rights under the ADEA.

33.     Plaintiff is entitled to the rights and remedies provided by the ADEA, including loss of pay/benefits and or other economic damages, liquidated damages, and attorneys' fees and costs.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a)     that Summons issue;

(b)     that Defendant Employers be served with Summons and Complaint;

(c)     that a trial by jury to all issues be had;

(d)     that judgment against Defendant be issued for any and all damages available by law including but not limited to general, special, liquidated damages as allowed by law under each and every count and cause of action contained in this Complaint;

(e)     for injunctive and declaratory relief;

(f)     for all costs of this action to be taxed against Defendant Employers;

(g)     for all costs and attorney's fees to be awarded to Plaintiff; and

(h)     for any and all other and further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted this 7th day of February 2023.

s/J. Stephen Mixon, Esq.
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Attorney for Plaintiff

The Mixon Law Firm
3344 Peachtree Rd. Suite 800
Atlanta, GA 30326

Phone: (770) 955-0100
steve@mixon-law.com